# Buchalter

18400 VON KARMAN
AVENUE
SUITE 800
IRVINE, CA 92612
949.760.1121 PHONE
949.720.0182 FAX

File Number: M3515-0018
949.224.6254 Direct
jgarfinkle@Buchalter.com

July 27, 2021

**VIA ECF**

Honorable Robert D. Drain
United States Bankruptcy Judge
U.S. Bankruptcy Court for the District of New York
300 Quarropas Street
White Plains, NY 10601-4140

    Re:    The Official Committee of Unsecured Creditors vs.
                (i) McKesson Corp. (Adv. Pro. 17-08264);
                (ii) McKesson Pharmacy Systems, LLC (Adv. Pro. 17-08265); and
                (iii) McKesson Specialty Care Distribution Corp. (Adv. Pro. 17-08266)
                (collectively, the "Adversary Proceedings")

Dear Judge Drain:

      Plaintiff raises objections to a subpoena (the "Subpoena") directed to AmerisourceBergen Drug Corporation ("ABDC"), one of the three national pharmaceutical distributors. The Subpoena merely seeks three discrete categories of documents—provisions of ABDC's official credit policies in effect during 2015 and 2017 related to collections and the handling of delinquent accounts, and how ABDC managed and addressed its credit relationship with Marsh Drugs, LLC ("Marsh"), a pharmaceutical retailer in the weeks immediately preceding its 2017 bankruptcy filing.

      At the outset, it should be noted that discovery along the lines sought by the Subpoena is expressly contemplated by the July 15, 2021 joint letter to the Court in which an extension of the discovery cutoff was sought for, among other things, "the purpose of submitting rebuttal expert reports." It is expected that the documents requested from ABDC will be used to rebut the expert report provided by one of Plaintiff's experts, Stephen Iampietro, a former ABDC sales executive, and potentially another expert report to be submitted by Plaintiff's as-yet undisclosed second expert.

buchalter.com

Los Angeles
Napa Valley
Orange County
Portland
Sacramento
San Diego
San Francisco
Scottsdale
Seattle

BN 46364287v3

# Buchalter

Honorable Robert D. Drain
July 27, 2021
Page 2

Plaintiff's argument that the extension of the discovery cutoff was not for discovery *per se*, but merely to submit rebuttal expert reports falls flat on its face. An extension of the discovery cutoff is not necessary to submit a rebuttal expert report.

In support of its case in chief—a $68 million preference lawsuit against McKesson—and to counter one of McKesson's two experts (Timothy Kosty), Plaintiff obtained an expert report from Mr. Iampietro. In his report, Mr. Iampietro makes frequent references to ABDC's credit practices and policies and its 2017 dealings with Marsh. In reaching his conclusions, Mr. Iampietro drew extensively from his time at ABDC to support his determinations which were critical of McKesson's actions with respect to A&P. In his report, Mr. Iampietro specifically compared (i) McKesson's pre-bankruptcy credit actions taken with respect to A&P and what he called the pressuring "leverage," with (ii) the actions of ABDC (and the rights accorded ABDC under its supply and credit agreements) with respect to Marsh. Mr. Iampietro used Marsh as an "example" of how a distributor should work with a retailer in financial distress, and contrasted the Marsh example with A&P.

On July 13, McKesson took the deposition of Mr. Iampietro. In his deposition, McKesson was frankly surprised by the lack of both industry knowledge and candor expressed by Mr. Iampietro. Specifically, Mr. Iampietro failed to disclose in his report each of the following:

- At least as of March 2003, ABDC had an official company-wide "Credit and Collections Policy and Procedures Guidelines" and, among other provisions, those guidelines mandate that upon the "second delinquent payments" "*All accounts will be placed on COD or credit hold.*"

- In October 2014, ABDC entered into a "Prime Vendor Agreement" and a related Credit Agreement with Marsh (collectively, the "Marsh Vendor Agreement");

- The Marsh Vendor Agreement has an express provision expressly stating what happens upon non-timely payment of an invoice. Quoting the Marsh Vendor Agreement: "…, *provided, however, ABDC will immediately suspend shipment of Product upon Applicant's failure to pay when due any amounts owing to ABDC or its affiliates and further, provided that ABDC will not suspend shipment of Product if Applicant requests daily shipment of Product on COD terms via wire transfer.*"

- The Marsh Vendor Agreement expressly included each of the business terms Mr. Iampietro identified as providing McKesson with extraordinary "leverage" over A&P;

BN 46364287v3

**Buchalter**

Honorable Robert D. Drain
July 27, 2021
Page 3

- While Marsh historically had 45-day credit terms under the Marsh Vendor Agreement, shortly before Marsh's bankruptcy filing, ABDC substantially reduced the credit terms; and

- Incredibly, Mr. Iampietro failed to disclose in his report that he personally signed the Marsh Vendor Agreement on behalf of ABDC.

Through the Subpoena, McKesson seeks very limited documents from ABDC:

- The portions of ABDC's official company-wide credit and collection policy guidelines governing collections and delinquencies in effect from 2015 through 2017; and

- Any written communications in 2017 from ABDC to Marsh whereby ABDC reduced Marsh's credit terms or required pre-payment for purchases.

It should also be noted that a trial subpoena could issue directing the production at trial of the documents sought from ABDC. So the question is not whether these key documents see the light of day, but instead whether they are seen now, before trial, or later, at trial.

Plaintiff argues that the Subpoena and any rebuttal expert report are untimely. How can that be when Plaintiff has not even disclosed the identity of its second expert, let alone provided its expert report?

On March 29, 2021, McKesson designated its two experts, Mr. Kosty and Charles Berk of CBIZ, 128 days before the then-scheduled August 3, pre-trial conference. Under the rules, Plaintiff had until April 29 within which to designate its experts, but it failed to do so. Instead, Plaintiff argued that the reports from McKesson's experts were late. McKesson reminded counsel that the expert reports were provided to counsel 121 days and 96 days before the then-scheduled August 3 pre-trial conference, well before the 90-day disclosure deadline in Rule 26(a)(D)(i).

As an accommodation to Plaintiff's counsel, McKesson agreed to allow Plaintiff to disclose (i) its first expert (Mr. Iampietro) no later than June 15, 2021, and (ii) its second expert (whose name still has yet to be disclosed) no later than July 29, 2021.

On June 15, 2021, Plaintiff disclosed Mr. Iampietro as one of its experts and provided his expert report. Four days earlier, on June 11, 2021, McKesson propounded document production requests to Plaintiff asking only for the documents discoverable under Rule 26(b)(4)(C), to which Plaintiff was to respond no later than July 12, 2021. Again, Plaintiff failed to respond to the requests for documents. When this was brought to counsel's attention, once again McKesson agreed to extend the time within which to provide the required documents.

# Buchalter

Honorable Robert D. Drain
July 27, 2021
Page 4

While not yet having the benefit of Plaintiff's second expert's report (which, again, is due by July 29, 2021), McKesson is confident that the rebuttal report(s) will be provided within the applicable timeframes, and will also directly refute the conclusions drawn by Mr. Iampietro and perhaps Plaintiff's second expert and its report. And, most likely, these ABDC documents will be used at trial.

Based on the foregoing, McKesson urges the Court to deny Plaintiff's request, and instead allow the documents to be produced in accordance with the Subpoena. Of course, we are available for a telephone conference with the Court if the Court believes a conference is necessary.

Very truly yours,

BUCHALTER
A Professional Corporation

Jeffrey K. Garfinkle
Shareholder

cc:   Tracy Klestadt, Esq.
      Richard K. Milin, Esq.

BN 46364287v3